**TEXACO, INC. (Formerly the Texas Company)**
**v.**
**UNITED STATES.**

Nos. 49–58, 50–58, 327–58 and 328–58.

United States Court of Claims.
May 3, 1961.

Rehearing Denied in No. 49–58
July 19, 1961.

Rehearing Granted in No. 50–58
July 19, 1961.

1668) and House (No. 2034) Reports on H.R. 6454 were actually the hearings held on H.R. 5401 and H.R. 5523.

George E. McMurray, Jr., Washington, D. C., for plaintiff. John E. Shea, Washington, D. C., and James F. Birmingham, New York City, were on the briefs.

Theodore D. Peyser, Jr., Washington, D. C., with whom was Asst. Atty. Gen., Charles K. Rice, for defendant. James P. Garland and Philip R. Miller, Washington, D. C., were on the briefs.

MADDEN, Judge.

In our decision and opinion of March 1, 1961, on pages 914–916 of 287 F.2d we discussed the Government's defense of the statute of limitations as to the plaintiff's claims for the recovery of taxes paid by it for the years 1946 and 1947. We said that when the taxpaper and the Commissioner of Internal Revenue had made a suspension agreement as authorized by section 3774(b) (2) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 3774(b) (2), the suspension would terminate and the statute of limitations would again begin to run, in the case of a settlement of the test case, when the taxpayer had notice of the settlement.

In the instant case fifteen days of the statutory period were unexpired when the suspension agreement was made. The stipulated judgment in the test case was entered on December 5, 1957. On January 13, 1958, the plaintiff learned by telephoning the office of the clerk of the court that the test case had been closed on December 5. On January 16, the plaintiff wrote to the Commissioner of Internal Revenue quoting from the text of the stipulated judgment in that case. The above facts appear from copies of documents furnished by the plaintiff to Government counsel after our decision in this case.

The plaintiff's petition was filed on February 3, 1958. Counting back 15 days from that date, we find January 19 to be the last date for the lifting of the suspension which would make the plaintiff's petition timely. But as we have seen, the plaintiff had knowledge, at least as early as January 16, of the final termination of the test case. It follows that Texaco's suit, as to its taxes for the years 1946 and 1947, is barred by the statute of limitations.

Finding 22 relating to cases 49–58 and 50–58 of the decision of March 1, 1961, is hereby amended by the addition of the following four paragraphs:

On January 13, 1958, Mr. W. G. Dore, of plaintiff's Legal Department, telephoned the Newark office of the United States District Court for the District of New Jersey, which court had decided the Barber Oil case [Barber Oil Corp. v. Manning, D.C., 135 F.Supp. 451], to ascertain the current status of that case. He was told that the case had been closed on December 5, 1957, and that the original docket sheet had been sent to the Trenton office of the District Court.

At the request of Mr. J. F. Birmingham, also of plaintiff's Legal Department, Mr. Dore telephoned the Trenton office of the court, in order to learn what papers, incident to the closing of the case, were available. He was informed that he could obtain a copy of the stipulation filed by the parties.

On January 16, 1958, Mr. W. R. Young, of plaintiff's Legal Department, wrote two letters to the Commissioner of Internal Revenue, requesting reopening of its claims for refund for the years 1946 and 1947. In these letters, Mr. Young called attention to the stipulation filed on December 5, 1957. Mr. Young quoted the following paragraph from that stipulation:

The above-entitled action having been settled by agreement of the parties, it is hereby stipulated that the same may be dismissed with prejudice, each party to bear his own costs.

The Director of the Audit Division of the office of the Commissioner of Internal Revenue acknowledged receipt of Mr. Young's letters on January 28, 1958. Plaintiff filed its petition in this court on February 3, 1958.

Plaintiff Texaco Inc.'s petitions in cases 49–58 and 50–58 will therefore be dismissed, and our decision and findings of March 1, 1961, are amended accordingly. Defendant's motion for rehearing and new trial as to cases 327–58 and 328–58 is denied.

It is so ordered.

REED, Justice (Retired), sitting by designation, JONES, Chief Judge, and DURFEE and LARAMORE, Judges, concur.